## Hanley vs. Foley.

Case 10.

APPEAL FROM JESSAMINE CIRCUIT.

ORD. PET.

A defendant to an ordinary petition, claiming compensation, according to its value, for work and labor done, pleaded a special contract in regard to the work and labor, and averred a failure of plaintiff to comply with it, which was denied by plaintiff; a jury intervened, and the issue was found for the plaintiff, and judgment. Afterwards the plaintiff sued upon the special contract which had been relied on by the defendant in the former suit: Held, that the plaintiff could not recover; that having in the former suit denied the contract, and the issue being found in his favor, he could not afterwards set it up and rely upon it for a recovery.

[The facts of the case appear in the opinion of the court.  REP.]

*Breckinridge & Beck,* for appellant—

In a former suit between these parties the appellant, in his answer, set up and relied on in his defense the same contract on which the appellee relies upon for a recovery in this suit. This, it is respectfully insisted, he cannot do. The existence of the contract now sued upon was put in issue in the former suit by the denial of its existence by the appellee in that suit; the issue was found for him, and he recovered; he cannot now assert its existence, and claim to recover upon it. The issue of its existence has been tried between these parties, and cannot be retried. (See authorities cited in 1 *vol. Monroe & Harlan's Dig. sec.* 4, *page* 185.)

The court erred in not peremptorily instructing the jury to find for the appellant, and in refusing a new trial.

*Shanklin, and Spilman, and Bronaugh,* for appellee—

The proof shows that appellant agreed with the appellee to board him at his own house, during his life, for his personal services, and that after he had served him some time he drove him off. Appellee

sued for the value of his services, and had a verdict and judgment; to that suit the appellant plead the special agreement now sued on, and that appellee had violated it; a jury intervened, and the issue was found for the appellee. The appellee now meets the appellant with the agreement as he said it existed, and seeks compensation for its violation, and is met by the estoppel relied upon. To say the least it is a hard case. By his answer in the former suit, Hanley has opened the way for this suit, and ought not to be allowed to dodge its consequences.

Dec. 12, 1857.

Judge DUVALL delivered the opinion of the court.

In August, 1855, Foley sued Hanley upon a demand for $3,335, "for work and labor done on the 'farm of the said defendant, and for superintending 'and managing the hands and business of the said 'defendant, and for money loaned," &c.

Hanley, in his answer, denied that he was indebted to the plaintiff for work and labor as charged. He next set up and relied upon an agreement entered into between them about the year 1836, the substance of which was, that Foley was to aid Hanley in attending to the business of his farm, managing his servants, &c., as he had formerly done, in consideration of which Hanly was to furnish him with board, lodging, and such clothing as he (Hanley) might see fit to give him. The statute of limitation was also relied upon.

The parties went to trial upon the several issues formed by the answer, and the result was a verdict in favor of Foley for $215.

In February last this action was brought by Foley, the foundation of which is the same contract relied upon by Hanley as part of his defense in the former suit, which contract the plaintiff alleges was complied with in all respects on his part, up to August, 1855, when Hanley wrongfully compelled him to leave his house and abandon his service, in consequence of which he has been compelled to procure

boarding, clothing, &c., elsewhere at an expense of $300, &c.

Hanley answered, relying, among various other grounds of defense, upon the record of the former suit as a bar to this action. A trial of the cause resulted in another verdict for the plaintiff for $136 50. Hanley's motion for a new trial having been overruled, he has prosecuted this appeal, and seeks to reverse the judgment upon various grounds—chiefly, however, upon the ground that the court erred in refusing to instruct the jury peremptorily to find for the defendant.

. The only question we shall notice, is whether the record and proceedings in the former suit are to be regarded as a valid bar to any right of recovery in this action, as the case is now presented?

The allegations of Hanley in his answer in the former suit, touching the agreement on which Foley now seeks to recover, constituted undoubtedly a part, and a very essential part, of the issue in that case as much so as the defense of the statute of limitations, or even as the petition itself. They were allegations of new matter, not relating to a counterclaim or set-off, and were therefore to be held controverted by the plaintiff as upon a direct denial or avoidance as the case required. (*Civil Code*, 153.) It is clear that a denial of this agreement was necessary to his success in that case; to have admitted it would have been fatal to the claim on which he was then proceeding, and if he recovered at all he must recover against that part of the defense. It therefore follows that he then, not only repudiated the contract on which he now sues, but actually denied its existence upon the record, and was enabled to recover a verdict alone by maintaining that denial. By what rule of practice, then, or by what principle of law or of morals, can he be permitted to turn round and adopt, and recover against his adversary upon an agreement which he had just before controverted in the most solemn form, and had been en-

A defendant to an ordinary petition, claiming compensation, according to its value, for work and labor done, pleaded a special contract in regard to the work and labor, and averred a failure of pl'tff to comply with it, which was denied by pl'tff; a jury intervened, and the issue was found for the plaintiff, and judgment. Afterwards the pl'tff sued upon the special contract which had been relied on by the def't in the former suit: Held, that the pl'tiff could not recover; that having in the former suit denied the contract, and the issue being found in his favor, he could not after-

abled to obtain a verdict and judgment for $215 only because he had so controverted it.   Is it just that he should be allowed to recover $215, by rejecting, repudiating, and denying the contract, and immediately afterwards, to recover $136 50 by asserting and proving it?   If, when this agreement was set up in bar of his action, he had desired to avail himself of any benefit from it, or from the alleged breach of it on the part of Hanley, he could only have done so by dismissing the action he was then prosecuting. He certainly cannot be permitted to claim at one moment against the agreement, and at the next, to claim under it.   Besides, it is a well established rule of law, sanctioned as well by policy as by precedent, that every material fact involved in an issue must be regarded as determined by the final judgment in the action, and cannot be re-tried in any subsequent proceeding, between the same parties.   To tolerate the effort of the appellee in this case to re-try a material question which was involved in and disposed of by judgment in the former suit, would be a palpable violation of this salutary rule.

We are satisfied, that upon the case as exhibited by this record, the court below should have instructed the jury peremptorily to find for the defendant.   And the judgment is therefore *reversed*, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.